# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6703 | **DATE** | 4/24/2012 |
| **CASE TITLE** | Lopez v. Inland Die Casting Co. | | |

**DOCKET ENTRY TEXT:**

The Court grants in part and denies in part defendant's motion [15] to dismiss.  Count II is dismissed with prejudice.  Plaintiff's counsel is reminded that, pursuant to Local Rule 5.2(f), a paper copy of each electronically-filed document is to be delivered to chambers within one business day of filing.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Plaintiff David Tercero Lopez ("Lopez") filed a two-count complaint against defendant Inland Die Casting Co. ("Inland Die").  In Count I, Lopez claims that Inland Die discriminated against him on the basis of his national origin in violation of Title VII of the Civil Rights Act of 1964.  In Count II, Lopez claims that Inland Die retaliated against him in violation of Title VII.

Defendant Inland Die moves to dismiss Count II on the grounds that Lopez failed to exhaust his administrative remedies with respect to the retaliation claim.  A court may review only "those charges 'included in [the] EEOC charge ... or reasonably related to the allegations of the charge and growing out of such allegations.'"  *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004) (quoting *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001)).  Failure to exhaust is an affirmative defense, and plaintiff need not plead around an affirmative defense.  *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).  Still, a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense."  *Id.*  In this case, Lopez checked the box for national origin discrimination, but he did not check the box for retaliation.  He did not mention retaliation in his short description of the discrimination, either.  It is also clear from Lopez's complaint that the alleged retaliation occurred *before* he filed his charge of discrimination.  Accordingly, the claims are not reasonably related, and Lopez has failed to exhaust his administrative remedies with respect to his retaliation claim.  *See Swearingen-El v. Cook Cty. Sheriff's Dep't*, 602 F.3d 852, 865-66 (7th Cir. 2010) ("Normally, retaliation and discrimination claims are not considered 'like or reasonably related' to one another.").  Count II is dismissed with prejudice.

In addition, defendant seeks to dismiss portions of Count I.  First, defendant argues that Lopez's claim that he was "not promoted" is outside of the scope of his charge of discrimination.  Although it is clear that Lopez did not specifically mention a failure to promote in his charge, Lopez does not say enough, in his

## STATEMENT

complaint, about not being promoted to make it clear that such claim is not reasonably related to his charge. Therefore, Lopez has not admitted the elements of the affirmative defense of failure to exhaust with respect to his failure to promote allegations.

Finally, defendant argues that portions of plaintiff's Count I are time-barred, because they occurred more than 300 days before Lopez filed his charge of discrimination. While it is true that Lopez cannot recover for any discrete acts that occurred more than 300 days before he filed his charge (*National RR Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)), Lopez has not alleged that any discrete acts occurred before then. Thus, Lopez had not admitted the elements of the affirmative defense. The Court declines to dismiss portions of Count I at this time.